IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                         OPINION & ORDER

        Plaintiff,                                   No. 3:19-cr-00153-HZ

   v.

CHRISTOPHER MICHAEL CHARLO,

        Defendant.

Ethan G. Bodell
Special Assistant United States Attorney
1000 SW 3rd Avenue, Suite 600
Portland, OR 97204

    Attorney for Plaintiff

Fidel Cassino-DuCloux
Office of the Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204

    Attorney for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Defendant Christopher Charlo moves the Court to reduce his sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i).[1] ECF 32. The Government opposes Defendant's motion. The Government concedes that Defendant has established extraordinary and compelling reasons for his release but argues that the Court should deny the motion based on the sentencing factors under 18 U.S.C. § 3553(a). Because the Court finds that early release would not undermine the § 3553(a) sentencing factors, the Court grants Defendant's motion.

## BACKGROUND

On September 19, 2019, Defendant pleaded guilty to one count of intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). Plea Agr., ECF 22. On January 24, 2020, the Court sentenced Defendant to 84 months imprisonment followed by a five-year term of supervised release. J. & Commitment, ECF 29. Defendant is currently incarcerated at FCI Sheridan, and his current projected release date is April 3, 2025. Govt. Resp. 3, ECF 39.

Defendant's time at FCI Sheridan has been eventful. In March 2021, Defendant was present when his cellmate, who had a long-standing seizure disorder, suffered a prolonged seizure. Defendant attempted to render aid and called for help, but the seizure was never controlled, and his cellmate died. Per Bureau of Prisons ("BOP") protocol following the death of a cellmate, Defendant was placed in the Special Housing Unit ("SHU"), where he remained isolated for 28 days. Defendant claims that he experienced depression and anxiety after the death of his cellmate that were exacerbated by being held in the SHU in the immediate aftermath of such a traumatic event.

---

[1] Because more than thirty days had lapsed after Defendant requested compassionate release from the warden when he filed this motion, Defendant has satisfied the exhaustion requirement of the statute. *See* 18 U.S.C. § 3582(c)(1)(A).

Along with the trauma he experienced, Defendant has had significant medical issues while incarcerated. After a 2018 car accident, Defendant required multiple abdominal surgeries. His abdominal wounds never fully healed, and while incarcerated, he has had chronically infected abdominal wounds. Def. Ex. A, ECF 33-2. He has received antibiotics several times for abdominal abscesses, but his wounds continue to drain pus and blood. *Id.* In November 2021, an outside physician recommended abdominal surgery to treat the infections, but Defendant did not undergo surgery until five months later. *Id.* The surgery in April 2022 did not resolve the issue, and Defendant continues to experience chronic and recurrent infections of his abdomen with open wounds and drainage of pus. *Id.*

Defendant is also severely obese—he weighs 389 pounds with a body mass index ("BMI") of 49.[2] *Id.*; Def. Ex. C at 6, ECF 33-4. Related to his obesity, Defendant has trouble breathing at night, including "snoring and waking up gasping for air." Def. Ex. C at 27, 45. Defendant believes his symptoms are due to obstructive sleep apnea, although he has not yet been evaluated for that condition. Defendant asserts that his chronic abdominal infections, obesity, and sleep apnea, along with the traumatic death of his cellmate represent extraordinary and compelling circumstances that justify compassionate release.

## STANDARDS

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as compassionate release, to reduce a defendant's sentence for "extraordinary and compelling

---

[2] A normal BMI is under 25, and a BMI over 30 is considered obese. Centers for Disease Control and Prevention: Healthy Weight, Nutition, and Physical Activity, https://www.cdc.gov/healthyweight/assessing/index.html (last reviewed June 3, 2022).

3 – OPINION & ORDER

reasons." Under the original statute, only the Director of the Bureau of Prisons ("BOP") could file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). But with the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to also allow a defendant, after first requesting the BOP move for a reduction on his or her behalf, to directly move the district court for a sentence reduction:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) Extraordinary and compelling reasons warrant such a reduction; [. . . ] and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical condition, and "family circumstances." U.S.S.G. § 1B1.13 app. n.1(A)-(C). The Sentencing Commission's policy statement, however, only applies to § 3582(c)(1)(A) motions filed by the BOP Director on behalf of a defendant. *Aruda*, 993 F.3d. at 802. On a defendant's direct motion for compassionate release, the policy factors "may inform a district court's discretion . . ., but they are not binding." *Id.* (citation omitted). As a result, the Court may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.*

If the court finds extraordinary and compelling circumstances, it must then determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and after considering whether the

defendant is a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(4).

## DISCUSSION

I. **Extraordinary and Compelling Reasons**

Defendant asserts that the trauma of witnessing his cellmate's death combined with the lack of adequate medical care for his serious health conditions constitute extraordinary and compelling reasons for his compassionate release. With his motion, he presents the opinion of Jill Ginsberg, MD MPH, who reviewed his BOP medical records. Def. Ex. A. According to Dr. Ginsberg, "[Defendant] is suffering from serious medical conditions that substantially diminish his ability to provide for self-care within the environment of a correctional facility. He has not improved and is not likely to recover from these conditions in light of the care provided." *Id*.

The Government concedes that Defendant's "health concerns, particularly within the context of COVID-19, could certainly be considered extraordinary and compelling." Govt. Resp. 3. The Court finds that Defendant has adequately shown that his chronic abdominal infections, which have not been adequately treated in prison, represent a potentially life-threatening condition. Defendant's medical condition is an extraordinary and compelling reason that warrants a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).

II. **Sentencing Factors Under 18 U.S.C. § 3553(a)**

Before modifying an imposed term of imprisonment, a Court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). Those factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal

conduct; (C) to protect the public from further crimes by the defendant; and (D) to provide the defendant with needed educational and vocational training, medical care, and other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). A district court's "overarching statutory charge . . . is to impose a sentence sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; and to protect the public." *United States v. Lizarraras-Chacon*, 14 F.4th 961, 966 (9th Cir. 2021) (internal quotation and citation omitted).

The Government asserts that the Court should deny Defendant's motion based on the § 3553(a) factors because Defendant has history of noncompliance with law enforcement, courts, and treatment facilities, and he still poses a significant danger to the community. Defendant argues that he was not convicted of a violent offense, he is not considered a "violent" offender under BOP regulations, and the Court should consider his post-sentencing rehabilitation when determining whether a reduced sentence would satisfy the § 3553(a) factors.

The Government points to Defendant's previous domestic violence convictions in 2010, 2014, and 2016 as evidence of Defendant's "proclivity for violent behavior." Defendant was convicted of felony domestic violence in 2010, misdemeanor assault in 2014, and attempt to commit a Class B Felony in 2016, all related to domestic disputes. PSR ¶¶ 41, 42, 44, ECF 33-1. In addition, Defendant has a long history of non-violent offenses and at times, poor compliance with supervised release. *See* PSR ¶¶ 35-52. Defendant attributes his past criminal behavior to his methamphetamine addiction, with which he has struggled since the age of fifteen.

Defendant also emphasizes his rehabilitation since entering federal prison. The Supreme Court has held that a court's analysis of the § 3553(a) factors should consider the defendant's post-sentencing and post-offense rehabilitation. *Pepper v. United States*, 562 U.S. 476, 480

(2011). The Court reasoned that to ensure the punishment continues to fit the offender, courts should use "the fullest information possible concerning the defendant's life and characteristics," which necessarily includes the defendant's behavior post-sentencing. *Id.* at 488, 491. Evidence of rehabilitation may inform whether a reduced sentence still affords adequate deterrence to criminal conduct and protects the public from future crimes by the defendant. *Id.* at 491; *see United States v. Alston*, No. 6:19-cr-00039-MC-1, 2021 WL 851877, at *2 (D. Or. Mar. 5, 2021) (quoting *Pepper*, 562 U.S. at 477) ("[P]ostsentencing conduct . . . sheds light on the likelihood that [the defendant] will engage in future criminal conduct.")

During his incarceration in federal prison, Defendant has had no disciplinary incidents. Despite limited options during the COVID-19 pandemic, Defendant has taken advantage of available rehabilitation resources. He completed a multiweek drug education course, and he is now housed in the Residential Drug Abuse Program ("RDAP") dormitory as he anticipates starting that program. Defendant notes that only prisoners who were convicted of non-violent offenses and who are not defined as violent offenders based on prior convictions under BOP regulatory guidance are eligible for RDAP. The Court agrees that considering the steps Defendant is taking to address his drug addiction and his good behavior in prison, a reduced sentence still affords adequate deterrence to future crimes, and Defendant is no longer a threat to the community. *See United States v. Schram*, 475 F. Supp. 3d 1168, 1170 (D. Or. 2020) (holding that a defendant who only had minor non-violent infractions over several years in prison was no longer a threat to the community despite a lengthy criminal history that included multiple bank robberies).

Under BOP policy, Defendant will be eligible for up to a one-year reduction when he receives credit for participating in the RDAP program. With RDAP credit, his projected release

date may be moved up to April 3, 2024. Thus, with RDAP credit, Defendant will have less than seventeen months remaining of his original 84-month sentence.

Given that Defendant's sentence is for a non-violent offense, he has suffered significant trauma in prison that serves to increase the punitive impact of the time he has served, and he has availed himself to rehabilitative resources, the Court concludes that a reduced sentence satisfies the § 3553(a) sentencing factors. Defendant has shown that a reduction of his sentence to time served is sufficient, but not greater than necessary to accomplish the sentencing purposes set forth in § 3553(a)(2).

## CONCLUSION

The Court GRANTS Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [32]. Defendant's sentence of imprisonment is reduced to time served. As part of his supervised released, Defendant must reside in and participate in a program at a residential reentry center for not more than 180 days, to be released at the direction of the probation officer.

IT IS SO ORDERED.

DATED: November 21, 2022.

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge